In the Matter of the Claim of EVA B. SLEIGHT and HELEN C. SLEIGHT, Appellants, against HARRIS STRUCTURAL STEEL Co., INC., Respondent. COMMISSIONER OF TAXATION AND FINANCE, Respondent; STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by Eva B. Sleight, alleged dependent mother, and Helen C. Sleight, alleged dependent minor sister, of George A. Sleight, deceased employee of Harris Structural Steel Company. This appeal is taken from the decision of the Industrial Board dated October 19, 1940, and from the award of the Industrial Board made thereon on or about October 29, 1940, wherein the claims for both mother and minor sister were disallowed. An award has been made to the State of New York upon a finding that there were no dependents of the deceased within the meaning of the Compensation Law. The referee said in his decision: " The record does not convince the referee that the deceased was contributing to the support of his mother and sister at the time of the fatal accident, and upon that ground their claims are disallowed." That decision was affirmed by the State Industrial Board. Much evidence was taken in the case which showed that the deceased did contribute to the support of appellants and that they were dependent upon him and this evidence was given by one person to whom deceased paid the sister's board of ten dollars a week, and there was no evidence opposed to this evidence except the opinion of the referee that from his earnings the deceased could not have made contributions. An examination of the record discloses that the referee is in error in his computations. The only evidence in the case is to the effect that the deceased did make the payments. The decision was based solely on the probability of the decedent's not having earned money enough to contribute such sums of money to his mother and minor sister. There was no evidence in the record justifying such a conclusion. The decision of the referee and the Industrial Board is not supported by the evidence. Decision of the Industrial Board reversed and the matter remitted to the Industrial Board, with costs against the State Industrial Board. Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ., concur.